Rev. 5/20

# United States District Court
Middle District of Florida
Fort Myers Division

___Jimmy Lee Kroft___
*(In the space above enter the full legal name of the plaintiff)*

-against-

___Derek Snider___
___Dawson (F.N.U.)___
___Jefrey Robinson___
___Brock (F.N.U.)___
___Stephen Gahrmann___
___Captain "John Doe" (see attached)___

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section IV. Do not include addresses here.)*

PROVIDED TO CROSS CITY C.I.
ON 1/5/23 FOR MAILING

FILED 2023 JAN -9 PM 12:00

Case No. 2:22-cv-750-JLB-KCD
(To be filled out by Clerk's Office only)

# AMENDED COMPLAINT
*(Pro Se Confined Litigant)*

Jury Demand?
☑ Yes
☐ No

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**

Page 1 of 10

Rev. 5/20

## I. COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se confined litigants challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

- [x] 42 U.S.C. § 1983 (state, county, or municipal defendants)

- [ ] Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

## II. PLAINTIFF INFORMATION

Name (Last, First, MI): **Kroft, Jimmy L.**

Aliases: **James, Supreme**

Identification #: **X25395**

Place of Detention: **Cross City Correctional Institution**

Institutional Address: **568 NE 255th St.**

County, City: **Dixie, Cross City**   State: **Florida**   Zip Code: **32628**

## III. STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner

## IV. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1: __Snider, Derek__
Name (Last, First)

__Warden__
Current Job Title

__33123 Oilwell Rd__
Current Work Address

__Charlotte, Punta Gorda__  __Florida__  __33955__
County, City  State  Zip Code

Defendant 2: __Dawson (F.N.U.)__
Name (Last, First)

__Assistant Warden__
Current Job Title

__33123 Oilwell Rd.__
Current Work Address

__Charlotte, Punta Gorda__  __Florida__  __33955__
County, City  State  Zip Code

Rev. 5/20

**Defendant(s) Continued**

Defendant 3: Robinson, Jeffrey
Name (Last, First)

Assistant Warden
Current Job Title

5850 E. Milton Road
Current Work Address

Santa Rosa, Milton    Florida    32583
County, City           State      Zip Code


Defendant 4: Brock (F.N.U.)
Name (Last, First)

Head Classification
Current Job Title

33123 Oilwell Rd
Current Work Address

Charlotte, Punta Gorda    Florida    33955
County, City              State      Zip Code


[Additional Defendants Must Be Listed on a Separate Sheet Titled Section IV]

## V. STATEMENT OF CLAIM

Place(s) of occurrence: Multi buildings; front of E dorm up sidewalk to confinement

Date(s) of occurrence: 12/30/20

State which of your federal constitutional or federal statutory rights have been violated:

My 8th Amendment Constitutional Rights

*State here briefly the FACTS that support your case. See Fed. R. Civ. P. 8. Describe how each defendant was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you. All facts shall be set forth in separately numbered paragraphs. See Fed. R. Civ. P. 10(b).*

FACTS:

> What happened to you?

1.) Following multiple incidents of documented "excessive force," alledged constitutional Rights violations by staff members at Charlotte C.I., and retalitory actions which the Plaintiff will describe as "a campaign of harrassment" which began following a "use of force" against him on 6/4/2018, Captain Stephen Gahrmann came to the Plaintiff's S.H.O.S, while he was being housed there for mental health reasons related to "abuse issues by staff" at Charlotte.

2.) Plaintiff had wrote on the walls of his S.H.O.S. cell using CFO juice mix and water that he was "Dying for change" and the statement "stop the abuse at Charlotte C.I.", then listing Mr. Gahrmann's

name along with others as persons responsible for issues of abuse against him.

| Who did what? | 3.) Mr. Gahrmann began taunting the Plaintiff and advising him to "kill yourself!" |

4. Mr. Gahrmann advised the Plaintiff that he was going to get him discharged from S.H.O.S. cell and that him, his staff, and his officers were "going to him."

5. On 12/30/20, after advising the Psych specialists, which were three females, that he was suicidal because of the continuation of abuse and retaliation he was experiencing from the staff and administration at Charlotte C.I. and did not want continue to suffer from it, he was discharged against his pleas for the psych staff to keep him in S.H.O.S and get him help, document the abuse & attacks, and get him further longer term treatment. Plaintiff was discharged by psychs after being advised by security that the Plaintiff had been writing grievances against staff at Charlotte and pursuing a lawsuit. In retaliation, the psych's deemed the Plaintiff a disciplinary problem after instruction from security staff, discharging him from S.H.O.S. where

[Additional Facts Must Be Set Forth in an Attachment Titled Section V]

he was no longer protected.

6. Following the Plaintiff's discharge, officer Crawford, who awaited his release, seen his exit and alerted staff. Mr. Crawford was in the multi purpose building, where the infirmary is located, when the Plaintiff was released, the S.H.O.S. area where Plaintiff was being held.

> Was anyone else involved?

7. After being alerted of the Plaintiff's release, officer Walton, an officer who the Plaintiff was already filing a lawsuit against for using excessive force on him breaking his vertebra in his spine and breaking multiple ribs, ordered the Plaintiff to submit to a pat search which the Plaintiff complied.

8. Walton alongside Crawford took the Plaintiff's phone and address book and began making threats of physical violence and death against the Plaintiff and his family members if he continued to write grievances and pursue litigation against him and his Co-Defendants.

9. The Plaintiff protested Walton's robbery of his phone and address book and Crawford pulled out his can of chemical spray and forced the Plaintiff

Rev. 5/20

## VI.   ADMINISTRATIVE PROCEDURES

*WARNING:* **Prisoners** *must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

## VII.   RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

Plaintiff is seeking monetary compensatory, punitive, and nominal damages

Plaintiff is seeking proper medical treatment and a full examination of both shoulders for bone, cartiledge, muscle tissue, and nerve damage.

Plaintiff is seeking a transfer into a private D.O.C. facility, not ran by the state of Florida, or an interstate compact with a compatible state of his choice

Plaintiff is seeking a proper investigation into Charlotte C.I. by the F.B.I. concerning all areas of organized corruption issues.

## VIII. LITIGANT'S LITIGATION HISTORY

*The "three strikes rule" bars a **prisoner** from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g)*

### *ALL LITIGANTS MUST ANSWER:*

Have you to date brought any other lawsuits in state or federal court while a confined?   ☑ Yes   ☐ No

If yes, how many?  __3__

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

Jimmy Lee Kroft vs Derek Snider, et. al (Derek Snider, Jefrey Robinson, Vincent Noriega, Raymond Walton, Stephen Bahrmann,

Case No.: 2:20-cv-396
US District Court, Middle District of Florida, Ft. Myers Division

Excessive Force, 8th & 1st Amendment violations

The case ended in a settlement agreement for $142,500.00 (Plaintiff's lawyers were James V. Cook and James Slater; Eugenia Izmaylova for Defendants)
(See attached for continuation)

Rev. 5/20

## IX. PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. **I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

*Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

1/5/2023
Dated

[Signature]
Plaintiff's Signature

Kroft, Jimmy L.
Printed Name (Last, First, MI)

X25395
Identification #

Cross City Corr. Inst., Cross City, Florida 32628
Institutional Name          City          State     Zip Code

## Defendants

1. Derek Snider
2. Dawson (F.N.U.)
3. Jefrey Robinson
4. Brock (F.N.U.)
5. Stephen Gahrmann
6. Captain "John Doe"
7. Larson (F.N.U.)
8. Edwards (F.N.U.)
9. Crawford
10. Raymond Walton
11. "Jane Doe" (Psych)
12. "Jane Doe #2" (Psych)
13. "Jane Doe #3" (Psych)
14. "Jane Doe #4" (Pre-confinement nurse)

IV. Defendant's Information (5-7)

Defendant 5: Fahrmann, Stephen
Name (Last, First)
Captain
Current Job Title
33123 Oilwell Rd.
Current Work Address
Charlotte; Punta Gorda    Florida    33955
County, City             State      Zip

Defendant 6: "Doe, John" (To be later identified)
Name (Last, First)
Captain
Current Job Title
33123 Oilwell Rd
Current Work Address
Charlotte; Punta Gorda    Florida    33955
County, City             State      Zip

Defendant 7: Larston, (F.N.U.)
Name (Last, First)
Lieutenant
Current Job Title
33123 Oilwell Rd.
Current Work Address
Charlotte; Punta Gorda    Florida    33955
County, City             State      Zip

IV. Defendant's Information (8-10)

Defendant 8: <u>Edwards, (F.N.U.)</u>
Name (Last, First)
<u>Sergeant</u>
Current Job Title
<u>33123 Oilwell Rd.</u>
Current Work Address
<u>Charlotte; Punta Gorda</u>   <u>Florida</u>   <u>33955</u>
County, City              State       Zip

Defendant 9: <u>Crawford (F.N.U.)</u>
Name (Last, First)
<u>Correctional officer</u>
Current Job Title
<u>33123 Oilwell Rd.</u>
Current Work Address
<u>Charlotte; Punta Gorda</u>   <u>Florida</u>   <u>33955</u>
County, City              State       Zip

Defendant 10: <u>Walton, Raymond</u>
Name (Last, First)
<u>Correctional officer</u>
Current Job Title
<u>33123 Oilwell Rd.</u>
Current Work Address
<u>Charlotte; Punta Gorda</u>   <u>Florida</u>   <u>33955</u>
County, City              State       Zip

IV. Defendant's Information (11-13)

Defendant 11: "Doe, Jane"        (To be later identified)
   Name (Last, First)
   Psychiatric Doctor
   Current Job Title
   33123 Oilwell Rd
   Current Work Address
   Charlotte; Punta Gorda   Florida   33955
   County, City             State     Zip

Defendant 12: "Doe, Jane"        (To be later identified)
   Name (Last, First)
   Psychiatric Counselor
   Current Job Title
   33123 Oilwell Rd.
   Current Work Address
   Charlotte; Punta Gorda   Florida   33955
   County, City             State     Zip

Defendant 13: "Doe, Jane"        (To be later identified)
   Name (Last, First)
   Psychiatric Counselor
   Current Job Title
   33123 Oilwell Rd
   Current Work Address
   Charlotte; Punta Gorda   Florida   33955
   County, City             State     Zip

IV. Defendant's Information (14)

Defendant 14: "Doe, Jane" (To be later identified)
Name (Last, First)
Pre-confinement nurse
Current Job Title
33123 Oilwell Rd.
Current Work Address
Charlotte; Punta Gorda    Florida    33955
County, City              State      Zip

\* All named Defendants in this lawsuit are all being sued in their individual capacity, jointly and severly

V. Statement of Claim Continuation

Continuation of facts: backwards into an area out of view of camera surveillance where officers Walton and Crawford began using force on the Plaintiff, spraying him with chemical agents.

10. The Plaintiff layed on the ground after being sprayed as ordered by Crawford, where he was attacked by multiple officers following Crawford's fictatious report of a battery against Walton call by the Plaintiff.

11. Plaintiff asserts that a battery was never committed against Walton despite Crawford's claims, and that he was "set up" in order to be placed on CM, as previously documented. (Plaintiff documented previously that staff had threatened to set him up and get him placed on CM if he continued to move forward with documentation and litigation against staff members at Charlotte)

12. Sergeant Edwards was the first officer to arrive to the "call for help", and began punching the compliant and non-resistent Plaintiff in his face and upper torso area.

13. Crawford and Walton also utilized excessive force on Plaintiff, and further injured the Plaintiff's pre-existing injuries which included broken bone,

and further injured Plaintiff.

14. Plaintiff was lifted to his feet and the use of force video camcorder recorded his escorting by Crawford and Edwards followed by numerous John and Jane Doe officers.

15. Edwards and Crawford utilized excessive force against the Plaintiff the entire time during escort by placing him in an arm lock type maneuver that caused injuries to his shoulders.

16. A captain who Plaintiff will describe as John Doe and a Lieutenant named Larson witnessed the excessive force being used against the Plaintiff but failed to protect the Plaintiff, and failed to intervene in the situation to stop the excessive force and prevent the continuation and further injury to the Plaintiff.

17. Plaintiff was taken to pre confinement where he reported to nurse of the attack but advised by her that because of the use of chemical agents on him and the irratation that the chemicals cause. Nurse "Jane Doe" refused the Plaintiff of proper medical treatment and he was taken to confinement.

VIII. Litigant's Litigation History

Jimmy Lee Kroft vs Derek Snider, et. al.
(Defendants were/are Derek Snider, Jefrey Robinson, Michael Quaranta, and Peter Jurkish) Case No.:
Case filed in the US District Court's Middle District of Florida, Ft. Myers Division
Claims of Excessive Force, Deliberate Indifference, Failure to Protect, & Failure to Intervene
8th Amendment Constitutional Rights Violations
The case is still pending

Jimmy Lee Kroft vs Derek Snider, et. al.
(Defendants are Derek Snider, Jefrey Robinson, O'Neal (F.N.U.),
Case No.:
Case filed in the US District Court's Middle District of Florida, Ft. Myers Division
Claims of Excessive Force, Failure to Protect, Failure to Intervene
8th Amendment Rights Violations
The case is still pending